# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE WIRELESS SOLUTIONS, LLC, | ) ) ) ) ) Civil Action No. 1:13-cv-01858-RGA ) ) JURY TRIAL DEMANDED ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| ARUBA NETWORKS, INC., | |
| Defendant. | |

## DEFENDANT ARUBA NETWORKS, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Aruba Networks, Inc. ("Defendant" or "Aruba") hereby Answers the Complaint filed by Plaintiff Innovative Wireless Solutions, LLC ("Plaintiff" or "IWS"). Unless admitted, Aruba denies each allegation set forth in Plaintiff's Complaint.

### RESPONSE TO ALLEGATIONS REGARDING NATURE OF THE ACTION

1.      Aruba admits that IWS purports to assert a patent infringement action against Aruba pursuant to federal law. Aruba denies that it has infringed any valid claim of the patents-in-suit. Otherwise denied.

### RESPONSE TO ALLEGATIONS REGARDING THE PARTIES

2.      Aruba admits that IWS is a Texas limited liability company. Otherwise, denied.

3.      Admitted.

### RESPONSE TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

4.      The allegations set forth in paragraph 4 constitute conclusions of law to which no response is required and they are denied.

5.     Aruba admits that the Court possesses personal jurisdiction over Aruba because Aruba is incorporated in the State of Delaware.  Aruba denies that it has infringed, contributed to the infringement of, and/or actively induced others to infringe the patents-in-suit in this or any other judicial district.  Aruba denies any remaining allegations in paragraph 5.

6.     Aruba admits that venue is proper in this judicial district but denies that venue is proper under 28 U.S.C. § 1400(b) and denies that this judicial district is the most convenient for the parties and witnesses pursuant to 28 U.S.C. § 1404.

## RESPONSE TO ALLEGATIONS REGARDING THE PATENTS-IN-SUIT

7.     Aruba incorporates its responses to the foregoing paragraphs by reference as though set forth fully herein.

8.     Aruba admits that United States Patent No. 5,912,895 (the "'895 Patent") is entitled "Information network access apparatus and methods for communicating information packets via telephone lines" and that it bears an issue date of June 15, 1999.  Aruba admits that Exhibit "A" to IWS's Complaint purports to be a copy of the '895 Patent.  Aruba denies that the '895 Patent was lawfully issued and denies the allegations in this paragraph insofar as they allege that the '895 Patent discloses or claims a patentable invention.

9.     Aruba admits that United States Patent No. 6,327,264 (the "'264 Patent") is entitled "Information network access apparatus and methods for communicating information packets via telephone lines" and that it bears an issue date of December 4, 2001.  Aruba admits Exhibit "B" to IWS's Complaint purports to be a copy of the '264 Patent.  Aruba denies that the '264 Patent was lawfully issued and denies the allegations in this paragraph insofar as they allege that the '264 Patent discloses or claims a patentable invention.

10.     Aruba admits that United States Patent No. 6,587,473 (the "'473 Patent")[1] is entitled "Information network access apparatus and methods for communicating information packets via telephone lines" and that it bears an issue date of July 1, 2003.  Aruba admits that Exhibit "C" to IWS's Complaint purports to be a copy of the '473 Patent.  Aruba denies that the '473 Patent was lawfully issued and denies the allegations in this paragraph insofar as they allege that the '473 Patent discloses or claims a patentable invention.

11.     Aruba is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

## RESPONSE TO COUNT I
## INFRINGEMENT OF THE '895 PATENT

12.     Aruba incorporates its responses to the foregoing paragraphs by reference as though set forth fully herein.

13.     Aruba admits that received a letter dated October 18, 2013 from IWS.  That letter speaks for itself.  Otherwise denied.

14.     Aruba admits that received a letter dated October 18, 2013 from IWS.  That letter speaks for itself.  Otherwise denied.

15.     Aruba admits that received a letter dated October 18, 2013 from IWS.  That letter speaks for itself.  Otherwise denied.

16.     Aruba admits that received a letter dated October 18, 2013 from IWS.  That letter speaks for itself.  Otherwise denied.

17.     Aruba admits that received a letter dated October 18, 2013, which identified the '895 Patent.  That letter speaks for itself.  Otherwise denied.

18.     Denied.

---

[1] The '895, '264, and '473 Patens are collectively referred to as the "patents-in-suit."

19. Denied.

20. Denied.

21. Denied.

22. Aruba admits that received a letter dated October 18, 2013 from IWS. That letter speaks for itself. The allegations in paragraph 22 regarding whether Aruba has received an opinion of counsel improperly seek to invade the attorney-client privilege and work product protections and, therefore, are neither admitted nor denied. All remaining allegations set forth in paragraph 22 are denied.

### RESPONSE TO COUNT II
### INFRINGEMENT OF THE '264 PATENT

23. Aruba incorporates its responses to the foregoing paragraphs by reference as though set forth fully herein.

24. Aruba admits that received a letter dated October 18, 2013 from IWS. That letter speaks for itself. Otherwise denied.

25. Aruba admits that received a letter dated October 18, 2013 from IWS. That letter speaks for itself. Otherwise denied.

26. Aruba admits that received a letter dated October 18, 2013 from IWS. That letter speaks for itself. Otherwise denied.

27. Aruba admits that received a letter dated October 18, 2013 from IWS, which identified the '264 Patent. That letter speaks for itself. Otherwise denied.

28. Denied.

29. Denied.

30. Denied.

31. Aruba admits that received a letter dated October 18, 2013 from IWS. That letter speaks for itself. The allegations in paragraph 31 regarding whether Aruba has received an opinion of counsel improperly seek to invade the attorney-client privilege and work product protections and, therefore, are neither admitted nor denied. All remaining allegations set forth in paragraph 31 are denied.

## RESPONSE TO COUNT III
## INFRINGEMENT OF THE '473 PATENT

32. Aruba incorporates its responses to the foregoing paragraphs by reference as though set forth fully herein.

33. Aruba admits that received a letter dated October 18, 2013 from IWS. That letter speaks for itself. Otherwise denied.

34. Aruba admits that received a letter dated October 18, 2013 from IWS. That letter speaks for itself. Otherwise denied.

35. Aruba admits that received a letter dated October 18, 2013 from IWS. That letter speaks for itself. Otherwise denied.

36. Aruba admits that received a letter dated October 18, 2013 from IWS. That letter speaks for itself. Otherwise denied.

37. Aruba admits that received a letter dated October 18, 2013 from IWS, which identified the '473 Patent. That letter speaks for itself. Otherwise denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Aruba admits that received a letter dated October 18, 2013 from IWS. That letter speaks for itself. The allegations in paragraph 42 regarding whether Aruba has received an opinion of counsel improperly seek to invade the attorney-client privilege and work product protections and, therefore, are neither admitted nor denied. All remaining allegations set forth in paragraph 42 are denied.

## RESPONSE TO DEMAND FOR JURY TRIAL

Aruba admits that IWS sets forth a demand for a trial by jury. Aruba, likewise, demands a trial by jury on all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

Aruba denies that IWS is entitled to the relief requested in its Complaint or to any other relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

IWS's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

IWS's Complaint fails to state a claim upon which relief can be granted for indirect patent infringement, including contributory infringement and inducement of infringement.

### THIRD AFFIRMATIVE DEFENSE

Each claim of the patents-in-suit is invalid for failure to comply with the requirements for patentability as set forth in Title 35, United States Code, including at least Sections 102, 103, and/or 112 thereof, and/or under other judicially-created bases for invalidity.

### FOURTH AFFIRMATIVE DEFENSE

Aruba is not infringing and has not infringed, directly or indirectly, any valid and enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents.

**FIFTH AFFIRMATIVE DEFENSE**

Aruba is not willfully infringing and has not willfully infringed any valid and enforceable claim of the patents-in-suit.

**SIXTH AFFIRMATIVE DEFENSE**

This is an exceptional case, and Aruba is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

**SEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, as a result of prosecution before the Patent and Trademark Office leading to the issuance of the patents-in-suit, and by reason of admissions and/or amendments made by or on behalf of IWS, IWS is estopped from claiming infringement by Aruba of one or more claims of the patents-in-suit. Moreover, any claim of infringement of the patents-in-suit under the doctrine of equivalents would be limited by prosecution history estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

Upon information and belief, IWS does not possess title to the patents-in-suit or standing to allege infringement of the patents-in-suit.

**NINTH AFFIRMATIVE DEFENSE**

IWS's right to seek damages is limited, including without limitation by 35 U.S.C. §§ 286 and 287.

**TENTH AFFIRMATIVE DEFENSE**

IWS is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

**ELEVENTH AFFIRMATIVE DEFENSE**

IWS has suffered no damages.

### TWELFTH AFFIRMATIVE DEFENSE / RESERVATION OF RIGHTS

Aruba reserves the right to assert additional affirmative defenses as they become known through further investigation and discovery.

### COUNTERCLAIMS

1. Aruba seeks declaratory relief pursuant to federal law, declaring, *inter alia*, U.S. Patents Nos. 5,912,895 (the "'895 Patent"), 6,327,264 (the "'264 Patent"), and 6,587,473 (the "'473 Patent") (collectively the "patents-in-suit") to be not infringed and to be invalid or unenforceable. This Court has subject matter jurisdiction over Aruba's claims brought pursuant to federal law under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

### FIRST COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of United States Patents Nos. 5,912,895, 6,327,264, and 6,587,473)**

2. Aruba incorporates by reference the allegations in paragraph 1 of its counterclaims as though fully set forth at length herein.

3. An actual controversy exists between Aruba and IWS by virtue of IWS's complaint in this action and Aruba's Answer as to the invalidity and non-infringement of the patents-in-suit.

4. Aruba does not infringe and has not infringed, directly or indirectly, any valid and enforceable claim of the patents-in-suit either literally or under the doctrine of equivalents.

5. Aruba therefore seeks judgment declaring, under the Patent Laws of the United States, that Aruba does not infringe and has not infringed, directly or indirectly, any valid and enforceable claim of the patents-in-suit either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of United States Patents Nos. 5,912,895, 6,327,264, and 6,587,473)

6.  Aruba incorporates by reference the allegations in paragraph 1 of its counterclaims as though fully set forth at length herein.

7.  An actual controversy exists between Aruba and IWS by virtue of IWS's complaint in this action and Aruba's Answer as to the invalidity and non-infringement of the patents-in-suit.

8.  Each claim of the patents-in-suit is invalid for failure to comply with the requirements for patentability as set forth in Title 35, United States Code, including in particular Sections 102, 103, and/or 112 thereof, and/or under other judicially-created bases for invalidity.

9.  Aruba therefore seeks a judgment declaring, under the Patent Laws of the United States, that the patents-in-suit and the claims that Aruba is accused of infringing are invalid.

## JURY DEMAND

Defendant and counter-claimant Aruba demands a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Aruba asks this Court to enter judgment in Aruba's favor and against IWS by granting the following relief:

a.  A dismissal of all claims in IWS' Complaint against Aruba with prejudice and a complete denial of IWS's requests for damages, costs, attorney fees, and any other form of relief such that IWS takes nothing by its Complaint;

b.  A declaration that Aruba and its customers do not infringe and have not infringed any valid and enforceable claim of the patents-in-suit under any subsection of 35 U.S.C. § 271;

c.  A declaration that all claims of the patents-in-suit are invalid;

d. An order that IWS and each of its officers, employees, agents, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further prosecuting or instituting any action against Aruba or its customers claiming that the '895, '264, and '473 Patents are infringed or from representing that Aruba's products or their use in the networks operated by Aruba's customers infringe the '895, '264, and '473 Patents;

e. A declaration that this is an exceptional case pursuant to 35 U.S.C. § 285;

f. An award to Aruba of its reasonable attorneys' fees, costs, and all interest (including without limitation attorneys fee pursuant to 35 U.S.C. § 285), and any such other and further relief as the Court finds just and proper.

Dated:  January 13, 2013           **DUANE MORRIS LLP**

/s/ Benjamin A. Smyth
Benjamin A. Smyth (No. 5528)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Tel: 302-657-4900
Fax: 302-657-4901
basmyth@duanemorris.com

*Attorneys for Defendant Aruba Networks, Inc.*

Of Counsel:

L. Norwood Jameson
Matthew S. Yungwirth
DUANE MORRIS LLP
Suite 2000
1075 Peachtree Street NE
Atlanta, GA 30309
Tel: 404-253-6900
Fax: 404-253-6901
wjameson@duanemorris.com
msyungwirth@duanemorris.com

Jeffrey S. Pollack
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
Tel: 215-979-1000
Fax: 215-979-1020
jspollack@duanemorris.com